## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAMELA D. TUCKER,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
CH-0752-13-0421-B-1

DATE: December 12, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Pamela D. Tucker, Riverside, Ohio, pro se.

Matthew O. Kortjohn, Dayton, Ohio, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal for failure to follow instructions and found that she did not prove her affirmative defenses. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to reflect that we are assuming without deciding that the appellant is a qualified individual with a disability, we AFFIRM the initial decision, which is now the Board's final decision.

## BACKGROUND

¶2      The agency imposed the appellant's removal from her Administrative Support Specialist position based upon one charge of failure to follow instructions with five underlying specifications detailing her failure to report to her assigned work area. *Tucker v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-13-0421-I-1, Initial Appeal File (IAF), Tab 8, Subtabs 4a-4b. The appellant filed the instant appeal and requested a hearing. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 38, Initial Decision. The Board vacated the initial decision and remanded the appeal for further development. *Tucker v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-13-0421-I-1, Remand Order (Aug. 15, 2014). On remand, another administrative judge held a second hearing. *Tucker v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-13-0421-B-1, Remand File (RF), Tab 47, Hearing Compact Disc. She issued an initial

decision sustaining the appellant's removal and finding that she did not prove her affirmative defenses of age discrimination, retaliation for equal employment opportunity (EEO) activity, failure to accommodate, disparate treatment disability discrimination, and whistleblower reprisal. RF, Tab 42, Remand Initial Decision (RID). The appellant has filed a petition for review and the agency has responded. Remand Petition for Review (RPFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW[2]

¶3 First, the appellant asserts that the administrative judge erred in sustaining the charge because her office was dangerous and because she actually reported for duty at another location on the days that the agency specified she was absent. RPFR File, Tab 1 at 9, 11. To prove a charge of failure to follow instructions, an agency must establish that the employee was given proper instructions and she failed to follow the instructions, without regard to whether the failure was intentional or unintentional. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 16 (2014). Even when the employee may have substantial reason to question the instructions, absent unusual circumstances, such as when obedience would cause her irreparable harm or place her in a clearly dangerous situation, an employee must first comply with the instructions and then, if she disagrees with them, register her complaint or grievance later. *Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶¶ 16, 18, *aff'd,* 343 F. App'x 605 (Fed. Cir. 2009); *Larson v. Department of the Army*, 91 M.S.P.R. 511, ¶ 21 (2002).

¶4 The agency charged the appellant with failure to follow instructions based upon five underlying specifications when she failed to report to her assigned work area on December 17, 18, 19, and 31, 2012, and January 22, 2013. IAF, Tab 8, Subtabs 4a-4b. As the administrative judge found, the record is clear and the appellant did not dispute that she was given the instruction to return to her office.

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

RID at 6; IAF, Tab 3 at 46.  Under the particular circumstances of this case, we cannot find that the danger to the appellant justified her failure to follow the instructions.

¶5        We have considered that the appellant failed to meet with the agency's industrial hygienist when invited to do so to address her concerns about her work area.  RID at 7; IAF, Tab 3 at 105, 108‑09.  Although the appellant submitted a letter from a nurse practitioner, when the agency asked for additional information to determine the cause and nature of her health condition, including sending a letter to the nurse practitioner, the appellant did not provide the information.  RID at 13-15; IAF, Tab 3 at 51, 77, 96.  Accordingly, we find that the evidence does not show that the instructions were invalid or that the appellant was entitled to disregard them based upon a danger to her health.  Thus, the administrative judge properly found that the agency proved by preponderant evidence the failure to follow instructions charge.  *See Maulding v. Department of Health & Human Services*, 42 M.S.P.R. 605, 611 (1989) (sustaining a failure to follow instructions charge when the employee failed to report to the agency's laboratory as instructed due to her claimed chemical sensitivity and she did not present sufficient evidence in support of her claims), *aff'd*, 961 F.2d 694 (8th Cir. 1992); *see also White v. Department of Housing & Urban Development*, 95 M.S.P.R. 299, ¶¶ 21-25 (2003).

¶6        The appellant next asserts that the agency discriminated against her by failing to reasonably accommodate her.[3]  RPFR File, Tab 1 at 10-12, 14-18, 23.  Assuming, without deciding, that the appellant is a qualified individual with a

---

[3] In support of her disability discrimination claim, the appellant has submitted a July 4, 2015 letter from the Social Security Administration, which she states was not available prior to the hearing.  RPFR File, Tab 1 at 2-4.  This evidence is not new because the letter was issued prior to the initial decision.  Furthermore, it is not material because it provides no further information as to the nature and extent of the appellant's conditions.  5 C.F.R. § 1201.115(d); *see generally Givens v. Office of Personnel Management*, 95 M.S.P.R. 120, ¶ 9 (2003).

disability, we find that she did not establish this affirmative defense because she failed to engage in the interactive process to determine an appropriate accommodation.[4]  *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 18 (2015), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016).

¶7        As previously stated, the appellant failed to attend a meeting with the industrial hygienist and did not provide the agency with the medical information that it requested.  IAF, Tab 3 at 51, 77, 105, 108-09, Tab 8, Subtab f.  Below, and on review, the appellant objected to being required to provide additional medical information to the agency.  RPFR File, Tab 1 at 25-26; IAF, Tab 1 at 16.  Having reviewed the record, it appears that the appellant provided the agency with two pieces of medical documentation.  The first concerned her service-connected disabilities of ventricular arrhythmia and limitations in knee flexion.  IAF, Tab 3 at 71.  However, these conditions do not appear to have any bearing on the functional limitation at issue or on the accommodation that the appellant was requesting.  The second was a letter from her primary care provider that essentially relayed the appellant's self-report of a suspected mold problem in her assigned office.[5]  *Id.* at 52.  The agency promptly responded with a request for additional information, including a medical diagnosis and how the diagnosed condition might interfere with the appellant's ability to work in her assigned office.  *Id.* at 47, 79.  The appellant never responded to the inquiry but continued to insist that the agency had all the information that it needed to rule on her

---

[4] The administrative judge found that the appellant failed to show that she was a qualified individual with a disability as defined by 29 C.F.R. § 1630.2(g), (m).  RID at 16.  We modify the initial decision in this respect because, since we are finding that the appellant failed to engage in the interactive process, it is not necessary to address this issue.  *See Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 14 (2014).

[5] The appellant's work area was evaluated both by the agency's Industrial Hygiene and Safety personnel and a private environmental services company, neither of which detected any air quality problems or indications of moisture or mold.  IAF, Tab 3 at 106, 109-10

request.  *Id.* at 86-88.  The agency subsequently informed the appellant that it needed her to supply medical information from "a qualified physician."  *Id.* at 27, 47-48.  We do not reach the issue of whether the appellant's treating nurse practitioner was "an appropriate health care or rehabilitation professional" to supply this information under the Equal Employment Opportunity Commission's (EEOC) official guidance.  EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act, No. 915.002, at Question 6 (Oct. 17, 2002).  Even if she were, the documentation letter that she prepared was insufficient for the agency to determine whether the appellant had a disability that needed accommodation.  *See id.*  Accordingly, we agree with the administrative judge that, because the appellant failed to provide the medical information and documentation requested by the agency and to otherwise participate in the interactive process, the agency did not fail to accommodate her.  RID at 18; *see Howerton v. Department of the Army*, EEOC Appeal No. 0120113177, 2013 WL 3149195, at *3-4 (June 12, 2013).

¶8    The appellant further asserts that she was subject to disparate treatment based upon her disability and that agency officials knew about her request for a reasonable accommodation when they removed her.  RPFR File, Tab 1 at 18-20.  Again, assuming, without deciding, that the appellant is a qualified individual with a disability, we agree with the administrative judge that the appellant failed to show that her disability was a motivating factor in her removal.  She did not present evidence that she was treated differently than nondisabled employees, provide evidence that her alleged disability played a role in the deciding official's decision, or otherwise show a discriminatory animus on the part of the agency.[6]

---

[6] The appellant disagrees with the administrative judge's finding that she did not prove her age discrimination claim.  RPFR File, Tab 1 at 26.  The administrative judge found, among other things, that the appellant did not even allege that she was treated differently than an employee under age 40 and there was no evidence indicating pretext in the agency's removal decision.  RID at 9; Hearing Transcript (HT) at 13-14 (testimony of the deciding official).  Accordingly, we agree with the administrative

RID at 18-19; *see Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 40.

¶9     The appellant argues that the administrative judge erred in failing to find that the agency retaliated against her for her prior EEO activity.[7]  RPFR File, Tab 1 at 5, 27-28.  Specifically, she asserts that the agency charged her with failure to follow instructions to report to her assigned work area on a date when interviews were being conducted regarding her EEO complaint.  *Id.* at 27-28.

¶10    Based upon the deciding official's demeanor, the administrative judge credited her testimony that, although she was aware of the appellant's EEO activity, this did not play a role in her decision to remove the appellant.  RID at 11; RF, Tab 45, Hearing Transcript (HT) at 12-13 (testimony of the deciding official).  The Board generally will defer to this determination, which is explicitly based upon observing the demeanor of the witness testifying at the hearing, and we do not find sufficiently sound reasons for overturning that determination.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  Further, we find that the appellant's assertion regarding the timing of the EEO interviews does not evidence the type of suspicious timing that would support a finding that her EEO complaint was a motivating factor in the agency's decision to remove her.  *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 42 (2015), *overruled on other grounds by Pridgen*, 2022 MSPB 31, ¶¶ 23-25.  We also agree with the administrative judge that the appellant did not show the following:  (1) the deciding official had a motivation to retaliate against her; (2) a causal link between her EEO activity and the removal decision; (3) the charges were not actually the reason for the agency's action; or (4) there was comparator evidence that supported her claim.  RID at 11-12.  Thus, the appellant

---

judge that the appellant failed to prove her age discrimination claim.  29 U.S.C. § 633a(a); *see Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶¶ 7-9 (2012).

[7] The basis for her EEO complaint was race and disability discrimination and reprisal. RF, Tab 11 at 13-14.

failed to establish her claim of EEO retaliation.[8]  *Gardner v. Department of Veterans Affairs*, [123 M.S.P.R. 647](), ¶ 34 (2016), *clarified by Pridgen*, [2022 MSPB 31](), ¶¶ 23-24.

¶11    The appellant asserts, moreover, that she proved her whistleblower retaliation claim and states that the administrative judge erred by considering her disclosure to her congressman as having occurred prior to the effective date of the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465.  RPFR File, Tab 1 at 9, 28-29.  We find that the date of the appellant's disclosure does not affect the administrative judge's findings regarding her whistleblower retaliation claim, because the administrative judge found, and we agree, that the deciding official had no knowledge of this disclosure.  RID at 21-22; HT at 7-8 (testimony of the deciding official).  The appellant has not otherwise provided a reason to disturb the administrative judge's finding that, because of the strong evidence in support of the removal and a lack of motive to retaliate, the agency proved by clear and convincing evidence that it would have removed her, regardless of her whistleblowing disclosures.[9]

---

[8] Because we affirm the administrative judge's finding that the appellant failed to meet her initial burden to prove that disparate treatment disability discrimination and retaliation for EEO activity (based on race discrimination and reprisal) were motivating factors in her removal, we need not resolve whether the appellant proved that her EEO activity was a "but-for" cause of the agency's decision.  *See Pridgen*, [2022 MSPB 31](), ¶¶ 20-22, 30, 40, 42.

The appellant's prior EEO activity also involved complaining of disability discrimination.  RF, Tab 11 at 11-27.  Such activity is protected by the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act, the standards of which have been incorporated by reference into the Rehabilitation Act.  [29 U.S.C. § 791](f); [42 U.S.C. § 12203](a); *Pridgen*, [2022 MSPB 31](), ¶¶ 35, 44.  This type of claim requires the appellant to prove "but-for" causation as her initial burden.  *Pridgen*, [2022 MSPB 31](), ¶¶ 46-47.  Because we affirm the administrative judge's finding that she did not meet her initial burden to prove motivating factor, we also find that she would be unable to prove "but-for" causation.

[9] The appellant also argues that her removal does not promote the efficiency of the service because she was willing to work in a different location or with protective equipment.  RPFR File, Tab 1 at 29-30.  However, the deciding official testified that the appellant's misconduct had a negative effect on the agency, HT at 15 (testimony of the

RID at 22-25; HT at 7-8, 14 (testimony of the deciding official); *see McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 66 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012).

¶12    The appellant next argues that the deciding official did not consider all of the relevant mitigating factors in assessing the penalty. RPFR File, Tab 1 at 10, 30-31. However, we agree with the administrative judge that the deciding official credibly testified that she weighed the relevant *Douglas* factors and the decision letter also reflects that she considered such factors as the appellant's length of service and past work record, her potential for rehabilitation, the seriousness of the offenses with which she had been charged, prior discipline in the form of two recent suspensions for similar misconduct, the impact of her absence on the agency's operations, and similar penalties imposed upon other employees. RID at 27-28; HT at 5-7 (testimony of the deciding official); IAF, Tab 8, Subtab 4a. Accordingly, we agree with the administrative judge that removal is a reasonable penalty. *See Archerda*, 121 M.S.P.R. 314, ¶¶ 25-27 (sustaining the appellant's removal for failure to follow instructions to provide additional medical information that the agency requested); *Bowen v. Department of the Navy*, 112 M.S.P.R. 607, ¶ 19 (2009) (sustaining the appellant's removal for failure to follow instructions, absence without leave, and insubordination), *aff'd*, 402 F. App'x 521 (Fed. Cir. 2010) (Table).

¶13    Finally, the appellant asserts on review, among other things, that the administrative judge improperly weighed the hearing testimony and that she should have considered that the appellant was awarded unemployment benefits. RPFR File, Tab 1 at 5-6, 9-10, 31-32. These assertions constitute mere disagreement with the initial decision and thus do not provide a reason for

---

deciding official), and the Board has consistently held that an employee's failure to follow instructions relates directly to the efficiency of the service, *see, e.g.*, *Archerda*, 121 M.S.P.R. 314, ¶ 24.

disturbing it. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105‑06 (1997); RID at 4-7, 11-19, 22-26.

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for

                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.